UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x

RIHAN SHINWARI,                                          :
                                                         :
                                      Petitioner,        :
                                                         :      **MEMORANDUM &**
                  -against-                               :      **ORDER**
                                                         :
MARKWAYNE MULLIN, Secretary,                             :      3:26-CV-514 (VDO)
U.S. Department of Homeland Security;                    :
                                                         :
TODD M. LYONS, Acting Director, U.S.                     :
Immigration and Customs Enforcement;                    :
                                                         :
FIELD OFFICE DIRECTOR, Enforcement                      :
 and Removal Operations, Hartford Field Office;         :
                                                         :
TODD BLANCHE, Acting Attorney                            :
General of the United States;                           :
                                                         :
                                      Respondents.       :

-------------------------------------------------------------------x

**VERNON D. OLIVER**, United States District Judge:

This case arises out of the detention of Petitioner Rihan Shinwari by U.S. Immigration

and Customs Enforcement (ICE) on April 6, 2026. Due to the rapid nature of Petitioner's

detention in Connecticut and subsequent transfer to a Massachusetts facility, along with the

contemporaneous filing of the habeas petition in this matter, the Court requested briefing from

both parties as to whether this Court possesses jurisdiction to hear this matter. After review of

the briefing, the evidence, and relevant authorities, the Court concludes that it does not have

jurisdiction to hear this case and grants Respondents' request to transfer the matter to the

District of Massachusetts.

## I.     <u>BACKGROUND</u>

For purposes of this jurisdiction determination order, the Court keeps the relevant background brief. Petitioner is an eighteen-year-old citizen of Afghanistan, who arrived in the United States on October 8, 2024, and was granted humanitarian parole.[1] That parole was due to expire on October 7, 2026, as reflected by his travel document and boarding foil.[2] Petitioner's online Form I-94, however, erroneously reflected a one-year parole period at the time of his detention.[3] Following his detention, the I-94 was corrected,[4] but his parole status was subsequently revoked.[5]

Petitioner currently has active applications pending for both asylum (as a derivative of both his mother and father, who have pending applications), and for adjustment of status—all filed while his parole was still valid.[6] Petitioner has no criminal history. He is a twelfth grader at Cheshire High School and is scheduled to graduate in June 2026.

On the morning of April 6, 2026, at approximately 8:05 A.M., Petitioner left his home with his uncle, Tariq Shinwari—a U.S. Citizen—and his younger brother, Harris.[7] Earlier that morning, Petitioner's brother had observed a vehicle parked outside the family's residence.[8] At approximately 8:15 A.M., about half a mile from Petitioner's home, three to four ICE

---

[1] ECF No. 14 at 8. *See also* ECF No. 1 ¶ 9 (Petitioner's father served as an interpreter for the United States military in Afghanistan for approximately five years.).

[2] ECF No. 3-4.

[3] ECF No. 3-5.

[4] ECF No. 14 at 3.

[5] *Id.* at 1.

[6] ECF No. 3-6; ECF No. 24 at 3.

[7] ECF No. 24-1 ¶ 3.

[8] *Id.* ¶ 4.

vehicles activated their sirens and effectuated a stop by positioning one vehicle in front and two behind the family's vehicle.[9] Several masked officers emerged from the vehicles, identified themselves as ICE agents, and asked for identification.[10] When Petitioner provided his name and date of birth, the officers erroneously claimed that his parole had expired in October 2025.[11] Based on this claimed expiration, the officers ordered Petitioner out of the vehicle, handcuffed him, and placed him in an ICE vehicle.[12] At the time of arrest, the officers did not provide any paperwork, such as a warrant or court order, to Petitioner or his uncle.[13]

At approximately 8:30 A.M., the ICE agents, with Petitioner in tow, arrived at the Cheshire Police Department, where they placed metal chains on Petitioner's feet.[14] Petitioner was then transferred to the ICE office at 450 Main Street, Hartford, Connecticut, about an hour later.[15] At the Hartford ICE Office, Petitioner was fingerprinted, photographed, and interrogated.[16] At approximately 11:14 A.M., ICE agents, again with Petitioner in tow, departed the Hartford ICE Office.[17] At approximately 11:49 A.M., the vehicle carrying Petitioner crossed from Connecticut into Massachusetts.[18] At 12:26 P.M., counsel for

---

[9] *Id.* ¶¶ 5–6.

[10] *Id.* ¶¶ 7–8.

[11] *Id.* ¶¶ 12–13.

[12] *Id.* ¶¶ 14–15.

[13] *Id.* ¶ 18.

[14] *Id.* ¶¶ 20, 22.

[15] *Id.* ¶ 24; *see also* ECF No. 23-1 ¶ 10.

[16] ECF No. 24-1 ¶¶ 25–26.

[17] ECF No. 23 at 2 n. 2.

[18] ECF No. 23-2 ¶ 7.

Petitioner filed the habeas petition in this matter.[19] At 1:22 P.M., Petitioner was booked into the Plymouth County Correctional Facility ("PCCF") in Plymouth, Massachusetts.[20] He has remained there since.

At approximately 5:10 P.M., unaware that Petitioner was already outside of the District of Connecticut, this Court issued an order precluding Respondents from removing Petitioner from the District of Connecticut and the United States.[21] After finding out about the transfer to PCCF, the Court issued another order precluding Respondents from removing Petitioner more than 150 miles from the Connecticut border while it determines whether it has jurisdiction.[22]

## II.    **DISCUSSION**

There are "two traditional requirements for a federal court to entertain a habeas petition: that the petition be filed in the district of confinement and that it name the petitioner's immediate custodian." *Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) and 28 U.S.C. § 2242). Generally, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States," he must file the petition in the district of confinement and name his immediate custodian as the respondent. *Id.* (cleaned up).

---

[19] ECF No. 1, Receipt.

[20] ECF No. 23-6.

[21] ECF No. 5.

[22] ECF No. 18. PCCF is within 150 miles of the Connecticut border, so Petitioner's current detention therein is in accordance with the Court's order.

Here, the parties dispute the "district of confinement" at the time of the filing of the habeas petition. Petitioner argues that jurisdiction attached when he was detained in the District of Connecticut and was not defeated while he was in transit to a new, yet unidentified custodian. Connecticut is thus, according to Petitioner, the correct district of confinement. Respondents, in turn, assert that the correct district is Massachusetts, where Petitioner was physically located at the time of the filing of the petition.

This Court agrees with Respondents—Massachusetts was indeed the district of confinement at the time of the filing of the petition, and this Court thus lacks jurisdiction. In reaching this conclusion, the Court is bound and guided by the Second Circuit's reasoning in *Ozturk*, 136 F.4th 382. In that case, Ms. Ozturk was initially detained in Massachusetts, subsequently moved through multiple states, including Vermont, before ultimately being detained in Louisiana. *Id.* at 389. At the time Ms. Ozturk was in transit to the Vermont detention facility (and physically already in Vermont), her counsel filed the relevant habeas petition in the District of Massachusetts. *Id.* The District of Massachusetts found that jurisdiction was proper in the District of Vermont, where Ms. Ozturk was physically present at time of filing, and transferred the case. *Id.* The Second Circuit agreed; it concluded that Vermont likely was the proper district for habeas purposes "because, at the time she filed, she was physically in Vermont," even though "her immediate custodian was unknown." *Id.* at 387.

The Supreme Court has made clear "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443. At the time the petition in this case was filed, that "one district" was the District of Massachusetts, where Petitioner was in transit to PCCF and where he has remained since. Massachusetts is therefore the ***only*** district in which the petition could

5

have been brought at the time it was filed, and thus the *only* district to which it could be transferred under § 1631. *See Ozturk*, 136 F.4th at 391. Thus, because Petitioner was physically in Massachusetts when his habeas petition was filed, the District of Massachusetts is the proper venue for his petition, regardless of whether Petitioner's counsel knew at the time of filing who his custodian would be.

28 U.S.C. § 1631 provides "[w]henever a civil action ... is noticed for or filed with ... a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed or noticed." Here, the Court finds that the action could have been brought in the District of Massachusetts at time of filing, and that transfer of the action thereto is in the interest of justice.

## III.    CONCLUSION

Accordingly, the Court concludes that it does not have jurisdiction to adjudicate this matter. The Clerk of Court is respectfully directed to transfer the case to the District of Massachusetts.

**SO ORDERED.**

Hartford, Connecticut
April 11, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

6